[Civ. No. 55838. Second Dist., Div. Four. Mar. 13, 1980.]

DANA CORPORATION, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

[And 3 other cases.]*

---

*Echlin Manufacturing Company, Inc. v. State of California; Contignitron Company v. State of California; Combustion Sciences v. State of California.

COUNSEL

Paul, Hastings, Janofsky & Walker, Dennis H. Vaughn, Donald A. Daucher, Steven C. Kenninger, Munger, Tolles & Rickerschauser, Dennis C. Brown, Jonathan B. Marks, Egerman, Brown & Rosen, Philip M. Brown, Grayson, Gross, Friedman, Phillips & Rasch and Saul Grayson for Plaintiffs and Appellants.

George Deukmejian, Attorney General, R. H. Connett, Assistant Attorney General, and Joel S. Moskowitz, Deputy Attorney General, for Defendants and Respondents.

OPINION

**KINGSLEY, Acting P. J.**—■ Plaintiffs appeal from judgments (orders of dismissal) entered after demurrers to their complaints were sustained without leave to amend. We affirm.

In these consolidated actions, the plaintiffs seek damages from the State of California and the Legislature, for repeal of certain legislation.

In essence, the complaints (third amended complaint) allege the following:

In November 1971 the Legislature, as part of legislation intended to alleviate the problem of air pollution caused by automobiles, enacted an amendment to the Air Resources Act (Stats. 1971, ch. 1507), empowering the Air Resources Board to adopt standards regulating the emission of oxides of nitrogen (NOx) and requiring the installation of devices designed to accomplish that end. There followed a long period during which the board aggressively sought manufacturers (including these plaintiffs) to conduct the necessary studies to permit the manufacture of controls, saleable at a reasonable price. During that period, the board also adopted and amended regulations setting standards for the desired devices and, from time to time, extending the date when compulsory installation of such devices would be required. Plaintiffs, in reliance on the statute, the regulations and the importunities of the board, expended substantial sums in designing the type of devices involved and, ultimately, secured approval of most of the devices so designed. In 1974, the Legislature repealed the NOx legislation, except as to a minor number of motor vehicles. As a result, the market for the devices designed by plaintiffs and approved by the board ceased to exist, causing plaintiffs to lose the monies expended by them on the NOx program.

Demurrers to the complaints were sustained without leave to amend and this appeal followed. We affirm the dismissals.

Plaintiffs attempt to claim a right of recovery on various theories. All of the claims run afoul of the basic rule that the state is not liable for the effect of legislation enacted under the police power for what the Legislature believes is a public purpose. Plaintiffs here contend that the doctrine is subject to exceptions, citing to us two cases: *United States Trust Co.* v. *New Jersey* (1977) 431 U.S. 1 [52 L.Ed.2d 92, 97 S.Ct. 1505] and *Furey* v. *City of Sacramento* (1979) 24 Cal.3d 862 [157 Cal.Rptr. 684, 598 P.2d 844]. Neither case is in point here.

In *United States Trust*, bonds had been sold by an agency of the state, under a statute which strictly limited the purposes for which the capital and earnings could be used, thus insuring to the bond holders a reasonable expectancy of repayment. When the state attempted to broaden the permissible uses, the Supreme Court held that the statute under which the bonds were issued was part of the bond contract and

could not be changed to the detriment of the bond holders. No such contract appears here.

In *Furey* the city had collected money from a landowner for the express purpose of constructing a sewage system useful only if the area was to be zoned industrial. When the city zoned the area for other uses, for which the sewer system was not needed, the Supreme Court held that it was obligated to refund the money paid for the, now useless, sewer system. Again, the case is not in point; it is not alleged, and could not be alleged, that the state has ever received any money from the plaintiffs, or that it has, in effect, diverted plaintiffs' money to an improper use.

All that plaintiffs have alleged, or could allege, is that the Legislature, in 1971, thought that requiring NOx devices on old cars was desirable and that, by 1974, the then Legislature thought that such a requirement was not desirable. A Legislature is not liable, nor is the state liable, for a change in its perception of public interest. Many things once thought desirable, or even to be encouraged, are later thought to be undesirable and to be discouraged. An investment under the earlier legislation is not protected against a change in the Legislature's views of desirability.

No matter under what ingenious theory put forth, the case at bench falls squarely within an express governmental immunity. Sections 818.2 and 821 of the Government Code read as follows: "A public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law."

"A public employee is not liable for an injury caused by his adoption of or failure to adopt an enactment or by his failure to enforce an enactment." Those sections control the case at bench.

The judgments (orders of dismissal) are affirmed.

Jefferson (Bernard), J.,* and Burke (M. L.), J.,* concurred.

Appellants' petitions for a hearing by the Supreme Court were denied May 8, 1980.

---

*Assigned by the Chairperson of the Judicial Council.